IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:14-cr-120 |
| Plaintiff | Judge:  TIMOTHY BLACK |
| v. | DEFENDANTS' PROPOSED JURY INSTRUCTIONS |
| JEREMY S.  HANSHAW, RONALD HATFIELD, and JASON MAYS | |
| Defendants | |

The Defendants respectfully submits these proposed, joint, jury instructions.

**PART I – GENERAL MATTERS**

**1.     INTRODUCTION**

(1) Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

(2) I will start by explaining your duties and the general rules that apply in every criminal case.

(3) Then I will explain the elements, or parts, of the crime that the defendant is accused of committing.

(4) Then I will explain the defendant's position.

(5) Then I will explain some rules that you must use in evaluating particular testimony and evidence.

(6) And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

(7) Please listen very carefully to everything I say.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

**2.     JURORS' DUTIES**

(1) You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine,

and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

(2) Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved that any or all of the defendants are guilty beyond a reasonable doubt of each charge. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

(3) The lawyers have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

(4) Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

## 3. PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

(1) As you know, each defendant has pleaded not guilty to the crime charged in the indictment. The indictment is not any evidence at all of guilt. It is just the formal way that the government tells the defendant what crime he is accused of committing. It does not even raise any suspicion of guilt.

(2) Instead, the defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent. This presumption of innocence stays with him unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

(3) This means that the defendant has no obligation to present any evidence at all, or to prove to you in any way that he is innocent. It is up to the government to prove that he is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

(4) The government must prove every element of the crime charged beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

(5) Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict. If you are not convinced, say so by returning a not guilty verdict.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

4.     **EVIDENCE DEFINED**

(1) You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

(2) The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

(3) Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

(4) During the trial I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

(5) Make your decision based only on the evidence, as I have defined it here, and nothing else.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

5.     **CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

6.     **DIRECT AND CIRCUMSTANTIAL EVIDENCE**

(1) Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

(2) Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

(3) Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

(4) It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any

better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

## 7. CREDIBILITY OF WITNESSES

(1) Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

(2) Let me suggest some things for you to consider in evaluating each witness's testimony.

> (A) Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.
>
> (B) Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?
>
> (C) Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.
>
> (D) Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?
>
> (E) Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.
>
> (F) Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying. If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not. Consider whether the inconsistency was about something important, or about some unimportant detail. Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.
>
> (G) And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

(3) These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

**8. NUMBER OF WITNESSES**

(1) One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

(2) Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

**9. LAWYERS' OBJECTIONS**

(1) There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

(2) The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

(3) And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

**PART II: DEFINING THE CRIME AND RELATED MATTERS**
**1. INTRODUCTION**

(1) That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crime that the defendant is accused of committing.

(2) But before I do that, I want to emphasize that the defendants are only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

**2. SEPARATE CONSIDERATION--MULTIPLE DEFENDANTS CHARGED WITH DIFFERENT CRIMES**

(1) The defendants have been charged with different crimes. I will explain to you in more detail shortly which defendants have been charged with which crimes. But before I do that, I want to emphasize several things.

(2) The number of charges is not evidence of guilt, and this should not influence your decision in any way. And in our system of justice, guilt or innocence is personal and individual. It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them. For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

(3) Your decision on any one defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other defendants or charges.

Source: *Sixth Circuit Pattern Criminal Jury Instructions*

**3. DEFINITION OF THE CRIME OF CONSPIRACY AGAINST RIGHTS**

(1) Count One of the indictment accuses defendants Jeremy Hanshaw, Ronald Hatfield, and Jason Mays of Conspiracy Against Rights. For you to find each defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each defendant:

> (A) First, that the defendant, along with one or more other persons, conspired, or agreed, to injure, oppress, threaten, or intimidate any person in the State of Ohio in the free exercise or enjoyment of any right or privilege secured to him by the Constitution of the United States, namely the right to be free from the use of unreasonable force by one acting under color of law;

> (B) Second, that the defendant did so willfully

> (C) Third that the defendant knowingly and voluntarily joined the conspiracy.

> (C) And fourth, that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(3) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Source: *18 U.S.C. §241.*

4. **DEFINITION OF THE CRIME OF DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW**

(1) Count Two of the indictment accuses defendants Jeremy Hanshaw, Ronald Hatfield, and Jason Mays of Deprivation of Civil Rights Under Color of Law. For you to find each defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each defendant:

> (A) First, that the defendant, while acting under the color of law, deprived a person of a right secured and protected by the Constitution of the United States, namely the right to be free from the use of unreasonable force by one acting under color of law;
>
> (B) Second, that the defendant did so willfully

(2) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Source: *18 U.S.C. §242.*

5. **FURTHER EXPLANATION FOR COUNTS I AND II**

**5(A). AGREEMENT (COUNT I ONLY)**

(1) With regard to the first element of Count I – a criminal agreement – the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of conspiracy against rights.

(2) This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

(3) What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of conspiracy against rights. This is essential.

(4) An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Source: *Sixth Circuit Pattern Jury Instructions*

**5(B). DEFENDANTS' CONNECTION TO THE CONSPIRACY (COUNT I ONLY)**

(1) If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that each of the defendants knowingly and voluntarily joined that agreement. You must consider each defendant separately in this regard. To convict any defendant,

5

the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

(2) This does not require proof that a defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

(3) But proof that a defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it. Similarly, just because a defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator. These are all things that you may consider in deciding whether the government has proved that a defendant joined a conspiracy. But without more they are not enough.

(4) A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

Source: *Sixth Circuit Pattern Jury Instructions*

## 5(C) WILLFULLY

(1) In Counts I and II, the second element that the government must prove is that the defendants each acted willfully. The term willfully, as used in these instructions to describe the defendant's state of mind, means that the defendant knowingly performed an act deliberately and intentionally as contrasted with accidentally, carelessly or unintentionally.

(2) To act willfully means to act voluntarily and deliberately, and intending to violate a known legal duty. In other words, the Defendant must have acted voluntarily and intentionally and with a specific intent to do something the law forbids. That is to say with a purpose either to disobey or to disregard the law.

Source: *United States v. Damra*, 621 F.3d 474, 502 (6th Cir. 2010); *United States v. Blanchard*, 618 F.3d 562, 573 (6th Cir. 2010); *United States v. Taylor*, 592 Fed. Appx. 431, 434 (6th Cir. 2014)

## 5(D). OVERT ACTS (COUNT I ONLY)

(1) In Count I, the third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy.

(2) The indictment lists overt acts. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

(3) But the government must prove that at least one of these acts was committed by a member of the conspiracy, and that it was committed for the purpose of advancing or helping the conspiracy. This is essential.

Source: *Sixth Circuit Pattern Jury Instructions*

**5(E)   REASONABLE USE OF FORCE**

(1) With regard to whether one or more of the Defendants violated a person's right to be free from the use of unreasonable force, you are to determine whether the Defendants used unreasonable force.

(2) The law has long recognized that the right of law enforcement officers to use that amount of force which is reasonably necessary to arrest someone, prevent escape, or defend himself or another from bodily harm.

(3) The test of reasonableness is not capable of precise definition or mechanical application, however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.

(3) The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The calculus of reasonableness must embody allowance for the fact that law enforcement officers are often forced to make split-second judgments -- in circumstances that are tense, uncertain, and rapidly evolving -- about the amount of force that is necessary in a particular situation.

(4) The question you must answer is whether the defendants' actions were "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

(5) You should not substitute your own notion of proper police procedures for the instantaneous decision of the law enforcement officers at the scene.

Source:  *Graham v. Connor*, 490 U.S. 386, 396-397 (1989); *Boyd v. Baeppler*, 215 F.3d 594, 602 (6th Cir. 2000).

**6.   DEFINITION OF THE CRIME OF DESTRUCTION, ALTERATION, OR FALSIFICATION OF RECORDS IN FEDERAL INVESTIGATIONS (COUNT THREE)**

(1) Count Three of the indictment accuses defendants Ronald Hatfield and Jason Mays of Destruction, Alteration, or Falsification of Records in Federal Investigations. For you to find each defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each defendant:

> (A) First, that each of the defendants concealed and covered up a tangible object, specifically a camera.
>
> (B) Second, that each defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United, or in relation to or contemplation of any such matter or case.
>
> (C) Third, that each defendant did so knowingly

(2) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Source: *18 U.S.C. §1519.*

7.     DEFINITION OF THE CRIME OF DESTRUCTION, ALTERATION, OR FALSIFICATION OF RECORDS IN FEDERAL INVESTIGATIONS (COUNT FOUR)

(1) Count Four of the indictment accuses defendant Jeremy Hanshaw of Destruction, Alteration, or Falsification of Records in Federal Investigations.  For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each defendant:

>   (A) First, that the defendant, concealed, covered up, falsified, or made a false entry in any record, document, or tangible object, specifically a Use of Force report

>   (B) Second, that the Defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United, or in relation to or contemplation of any such matter or case.

>   (C) Third, that the defendant did so knowingly

(2) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Source: *18 U.S.C. §1519*

8.     DEFINITION OF THE CRIME OF DESTRUCTION, ALTERATION, OR FALSIFICATION OF RECORDS IN FEDERAL INVESTIGATIONS (COUNT FIVE)

(1) Count Five of the indictment accuses defendant Jeremy Hanshaw of Destruction, Alteration, or Falsification of Records in Federal Investigations.  For you to find the defendant guilty of this crime, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each defendant:

>   (A) First, that the defendant, knowingly concealed, covered up, falsified, or made a false entry in any record or document, specifically an Incident Report

>   (B) Second, that the defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United, or in relation to or contemplation of any such matter or case.

>   (C) Third, that the defendant did so knowingly

(2) If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge. If you have a reasonable doubt about any one of these elements, then you must find the defendant not guilty of this charge.

Source: *18 U.S.C. §1519*

9. **FURTHER EXPLANATION FOR COUNTS III, IV AND V.**

9A. **DEFINITIONS OF RELEVANT TERMS**

(1) The term "tangible object" means records and documents, i.e., objects used to record or preserve information.

(2) The term "conceal" means to prevent or hinder the discovery or disclosure of something.

(3) The term "cover-up" means to conceal something illicit, blameworthy, or embarrassing from notice or to prevent one from being censured for error, laxity, or omission.

(4) The terms "falsify" and "make a false record" mean to make deceptive, to counterfeit, forge, or misrepresent.

Source:  *Yates v. United States*, 135 S. Ct. 1074, 1078 (U.S. 2015) ("tangible object"); *United States v. Baumgartner*, 581 Fed. Appx. 522, 535 (6th Cir. 2014) (Clay, J., dissenting) ("conceal"), *citing* Black's Law Dictionary 282 (7th ed. 1999), Webster's Third New Int'l Dictionary 469 (1993); *Amlong & Amlong, P.A. v. Denny's, Inc.*, 457 F.3d 1180, 1200 (11th Cir. 2006) ("cover-up"), *citing* Webster's Third New International Dictionary 524 (2002); *Yates*, 135 S.Ct at 1086 ("falsify"), *citing*, Black's Law Dictionary 720 (10th ed. 2014).

9(B). **FEDERAL INVESTIGATION**

(1) The government is required to prove that the Defendants intended to obstruct the investigation of any matter that happens to be within the federal government's jurisdiction.

(2) The federal law prohibiting the Destruction, Alteration, or Falsification of Records in Federal Investigations does not allow a defendant to escape liability for concealing, covering up, falsifying, or making a false entry in any record, document, or tangible object with intent to obstruct a foreseeable investigation of a matter within the jurisdiction of a federal agency just because the investigation has not yet commenced. However, the statute does not impose liability for knowingly destroying any record concealing, covering up, falsifying, or making a false entry in any record, document, or tangible object contemplation of any federal matter without an intent to impede, obstruct, or influence a matter.

(3) The government is required to prove that each of the Defendants believed that a federal investigation directed at the defendant's conduct might begin at some point in the future in order to satisfy the "in contemplation" element.

*United States v. Gray*, 692 F.3d 514, 519 (6th Cir. 2012)*; United States v. Kernell*, 667 F.3d 746, 753 (6th Cir. 2012), *citing United States v. Yielding*, 657 F.3d 688 (8th Cir. 2011),

**9(C).   KNOWINGLY**

(1)   The second element requires that the Defendants acted "knowingly." The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

Source:   *United States v. Harris*, 600 Fed. Appx. 985, 990 (6th Cir. 2015); United States v. Wheeler, 349 Fed. Appx. 92, 97 n.1 (6th Cir. 2009)

**9(D).   INFERRING REQUIRED MENTAL STATE**

(1) Next, I want to explain something about proving a defendant's state of mind.

(2) Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

(3) But a defendant's state of mind can be proved indirectly from the surrounding circumstances. This includes things like what the defendant said, what the defendant did, how the defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

(4) You may also consider the natural and probable results of any acts that the defendant knowingly did [or did not do], and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

**Source***:  Sixth Circuit Pattern Criminal Jury Instructions*

**PART III: SPECIAL EVIDENTIARY MATTERS**

**1.        INTRODUCTION**

That concludes the part of my instructions explaining the elements of the crime.  Next I will explain some rules that you must use in considering some of the testimony and evidence.

Source:  *Sixth Circuit Pattern Jury Instructions*

**2.        DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE**

(1) A defendant has an absolute right not to testify or present evidence.  The fact that one or more of the defendants did not testify or present any evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

(2) Remember that it is up to the government to prove the defendant guilty beyond a reasonable doubt.  It is not up to the defendant to prove that he is innocent.

(3)  You have heard one or more of the defendants testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

(4) You should consider those same things in evaluating the defendant's testimony.

Source:  *Sixth Circuit Pattern Jury Instructions*

### 3. OPINION TESTIMONY

(1) You have heard the testimony of Kevin Davis and James Scanlon, who testified as opinion witnesses.

(2) You do not have to accept their opinion.  In deciding how much weight to give it, you should consider the witness's qualifications and how he reached his conclusions.  Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

(3) Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

Source:  *Sixth Circuit Pattern Jury Instructions*

### 4.     STATEMENT BY DEFENDANT(S)

(1) You have heard evidence that one or more of the defendants made a statement in which the government claims he admitted certain facts.  It is for you to decide whether the defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant allegedly made it.

(2)  You may not convict a defendant solely upon his own uncorroborated statement or admission.

Source:  *Sixth Circuit Pattern Jury Instructions*

### PART IV:  DELIBERATIONS AND VERDICT

### 1.     INTRODUCTION

(1) That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence.  Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

(2) The first thing that you should do in the jury room is choose someone to be your foreperson.  This person will help to guide your discussions, and will speak for you here in court.

(3) Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case.  If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer.  The officer will give them to me, and I will respond as soon as I can.  I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.  Any questions or messages normally should be sent to me through your foreperson.

(4) One more thing about messages.  Do not ever write down or tell anyone, including me, how you stand on your votes.  For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be.  That should stay secret until you are finished.

Source:  *Sixth Circuit Pattern Jury Instructions*

## 2. EXPERIMENTS, RESEARCH, INVESTIGATION AND OUTSIDE COMMUNICATIONS

(1) Remember that you must make your decision based only on the evidence that you saw and heard here in court.

(2)  During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.  In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case.  You can only discuss the case in the jury room with your fellow jurors during deliberations.  I expect you will inform me as soon as you become aware of another juror=s violation of these instructions.

(3)  You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate.  You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom.  Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case.  This would unfairly and adversely impact the judicial process.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

Source:  *Sixth Circuit Pattern Jury Instructions*

## 3. UNANIMOUS VERDICT

(1) Your verdict, whether it is guilty or not guilty, must be unanimous.

(2) To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

(3) To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

(4) Either way, guilty or not guilty, your verdict must be unanimous.

Source:  *Sixth Circuit Pattern Jury Instructions*

### 4. DUTY TO DELIBERATE

(1) Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

(2) But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

(3) No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

(4) Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

Source:  *Sixth Circuit Pattern Jury Instructions*

### 5. PUNISHMENT

(1) If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

(2) Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

(3) Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

Source:  *Sixth Circuit Pattern Jury Instructions*

### 6. VERDICT FORM

(1) I have prepared a verdict form that you should use to record your verdict.  The form reads as follows:

(2) If you decide that the government has proved the charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. Each of you should then sign the form, put the date on it, and return it to me.

Source:  *Sixth Circuit Pattern Jury Instructions*

13

### 7. VERDICT LIMITED TO CHARGES AGAINST EACH DEFENDANT

(1) Remember that each defendant is only on trial for the particular crimes charged in the indictment. Your job is limited to deciding whether the government has proved the crime charged as to each defendant.

Source: *Sixth Circuit Pattern Jury Instructions*

### 8. COURT HAS NO OPINION

(1) Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

Source: *Sixth Circuit Pattern Jury Instructions*

Respectfully submitted,

**Mark C. Collins Co. LPA**

**/s/ Mark C. Collins**
MARK C. COLLINS
Ohio Supreme Court No.0061207
492 South High Street, 3rd Floor
Columbus, Ohio 43215
P: (614) 443-3100
F: (614) 443-3102

Counsel for Defendant Jeremy Hanshaw

**Engel and Martin, LLC**

**/s/ Joshua A. Engel**
JOSHUA A. ENGEL
Ohio Supreme Court No. 0075769
5181 Natorp Boulevard, Suite 210
Mason, Ohio 45040
P: (513) 445-9600
F: (513) 492-8989

Counsel for Defendant Ronald Hatfield

       **Taft Stettinius & Hollister LLP**

       **/s/ David H. Thomas**
       DAVID H. THOMAS
       Ohio Supreme Court No. 0071492
       P: (614) 334-6199

       **/s/ Kathryn S. Wallrabenstein**
       KATHRYN S. WALLRABENSTEIN
       Ohio Supreme Court No. 0092172
       65 East State Street, Suite 1000
       Columbus, Ohio 43215
       P: (614) 220-0238
       F: (614) 221-2007

       Counsel for Defendant Jason Mays

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 9, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

USA

Alexis Jacqueline Zouhary
Emily N Glatfelter
U.S. Attorney's Office
221 E. Fourth Street, Suite 400
Cincinnati, OH 45202
513-684-2917
Email: Alexis.Zouhary@usdoj.gov
Email: emily.glatfelter@usdoj.gov

       \_\_\_\_/s/ Joshua Adam Engel_____
       Joshua Adam Engel (0075769)