# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:14-cr-120 |
| | : | |
| Plaintiff, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| JEREMY HANSHAW, et al. | : | |
| | : | |
| Defendants. | : | |

# JURY INSTRUCTIONS

INTRODUCTION:

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crime that the Defendants are accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

<u>JURORS' DUTIES</u>:

You have two main duties as jurors.  The first one is to decide what the facts are from the evidence that you saw and heard here in court.  Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved the Defendants guilty beyond a reasonable doubt.  It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them.  This includes the instructions that I gave you before and during the trial, and these instructions.  All the instructions are important, and you should consider them together as a whole.

The lawyers have talked about the law during their arguments.  But if what they said is different from what I say, you must follow what I say.  What I say about the law controls.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

<u>PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT:</u>

As you know, the Defendants have pleaded not guilty to the crimes charged in the indictment.  The indictment is not any evidence at all of guilt.  It is just the formal way that the government tells the Defendants what crime they are accused of committing.  It does not even raise any suspicion of guilt.

Instead, each Defendant starts the trial with a clean slate, with no evidence at all against him, and the law presumes that he is innocent.  This presumption of innocence stays with each Defendant unless the government presents evidence here in court that overcomes the presumption, and convinces you beyond a reasonable doubt that he is guilty.

This means that the Defendants have no obligation to present any evidence at all, or to prove to you in any way that they are innocent.  It is up to the government to prove that each Defendant is guilty, and this burden stays on the government from start to finish.  You must find each Defendant not guilty unless the government convinces you beyond a reasonable doubt that he is guilty.

The government must prove every element of the crime charged beyond a reasonable doubt.  Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.  Possible doubts or doubts based purely on speculation are not reasonable doubts.  A reasonable doubt is a doubt based on reason and common sense.  It may arise from the evidence, the lack of evidence, or the nature of the evidence.

-4-

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives.  If you are convinced that the government has proved each Defendant guilty beyond a reasonable doubt, say so by returning a guilty verdict.  If you are not convinced, say so by returning a not guilty verdict.

## EVIDENCE DEFINED:

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath; the exhibits that I allowed into evidence; and the stipulations that the lawyers agreed to.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rulings are not evidence.  And my comments and questions are not evidence.

During the trial I did not let you hear the answers to some of the questions that the lawyers asked.  I also ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

-6-

<u>CONSIDERATION OF EVIDENCE</u>:

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

<u>DIRECT AND CIRCUMSTANTIAL EVIDENCE:</u>

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

CREDIBILITY OF WITNESSES:

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening, and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to the government or the defendant, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying

that might cause the witness to lie or to slant the testimony in favor of one side or the other.

Ask yourself if the witness testified inconsistently while on the witness stand, or if the witness said or did something (or failed to say or do something) at any other time that is inconsistent with what the witness said while testifying.  If you believe that the witness was inconsistent, ask yourself if this makes the witness's testimony less believable. Sometimes it may; other times it may not.  Consider whether the inconsistency was about something important, or about some unimportant detail.  Ask yourself if it seemed like an innocent mistake, or if it seemed deliberate.

And ask yourself how believable the witness's testimony was in light of all the other evidence.  Was the witness's testimony supported or contradicted by other evidence that you found believable?  If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was.  You may also consider other things that you think shed some light on the witness's believability.  Use your common sense and your everyday experience in dealing with other people.  And then decide what testimony you believe, and how much weight you think it deserves.

<u>NUMBER OF WITNESSES:</u>

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

<u>LAWYERS' OBJECTIONS:</u>

There is one more general subject that I want to talk to you about before I begin explaining the elements of the crime charged.

The lawyers for both sides objected to some of the things that were said or done during the trial.  Do not hold that against either side.  The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence.  Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided.  My rulings were based on the rules of evidence, not on how I feel about the case.  Remember that your decision must be based only on the evidence that you saw and heard here in court.

<u>INTRODUCTION:</u>

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case.  In a moment, I will explain the elements of the crimes that the Defendants are accused of committing.

But before I do that, I want to emphasize that the Defendants are only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged.

### SEPARATE CONSIDERATION--MULTIPLE DEFENDANTS
### CHARGED WITH DIFFERENT CRIMES

The Defendants have been charged with different crimes.  All three Defendants have been charged with the crime of conspiracy against rights and are being tried together.  However, the Defendants are also charged with different crimes.  I will explain to you in more detail shortly which Defendants have been charged with which crimes.  But before I do that, I want to emphasize several things.

The number of charges is no evidence of guilt, and this should not influence your decision in any way.  And in our system of justice, guilt or innocence is personal and individual.  It is your duty to separately consider the evidence against each defendant on each charge, and to return a separate verdict for each one of them.  For each one, you must decide whether the government has presented proof beyond a reasonable doubt that a particular defendant is guilty of a particular charge.

Your decision on any one Defendant or one charge, whether it is guilty or not guilty, should not influence your decision on any of the other Defendants or charges.

<u>DEFINITION OF THE CRIME</u>: Conspiracy Against Rights
(18 U.S.C. § 241 – Count One)

Count One of the indictment charges all three Defendants with violations of 18 U.S.C. § 241. This law makes it a crime for two or more persons to conspire to injure, oppress, threaten or intimidate someone in the free exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to each Defendant:

(1) First, that the Defendant knowingly agreed with one or more persons to injure, oppress, threaten or intimidate Mr. Kinstler;

(2) Second, that the Defendant specifically intended to interfere with Mr. Kinstler's exercise or enjoyment of any right or privilege secured by the Constitution or laws of the United States, namely his right to be free from the use of unreasonable force; and

(3) Third, that the Defendant acted under color of law.

The first element of the offense requires the government to prove that the Defendant knowingly agreed with one or more persons to injure, oppress, threaten or intimidate Mr. Kinstler. With regard to this element, the government must prove that two or more persons conspired, or agreed, to cooperate with each other to commit the crime of conspiracy against rights.

This does not require proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people

-15-

simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to commit the crime of conspiracy against rights. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

The first element of the offense charged in Count One also requires the government to prove that the Defendants knowingly and voluntarily joined the agreement. You must consider each Defendant separately in this regard. To convict any Defendant, the government must prove that he knew the conspiracy's main purpose, and that he voluntarily joined it intending to help advance or achieve its goals.

This does not require proof that a Defendant knew everything about the conspiracy, or everyone else involved, or that he was a member of it from the very beginning. Nor does it require proof that a Defendant played a major role in the conspiracy, or that his connection to it was substantial. A slight role or connection may be enough.

-16-

But proof that a Defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if he approved of what was happening or did not object to it.  Similarly, just because a Defendant may have done something that happened to help a conspiracy does not necessarily make him a conspirator.  These are all things that you may consider in deciding whether the government has proved that a Defendant joined a conspiracy.  But without more they are not enough.

A Defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that he knew the conspiracy's main purpose.  But it is up to the government to convince you that such facts and circumstances existed in this particular case.

The second element of the offense charged in Count One requires the Government to prove that the defendants intended to interfere with Mr. Kinstler's exercise or enjoyment of his right to be free from the use of unreasonable force.  The right to be free from the use of unreasonable force by a law enforcement officer is a right secured by the Constitution of the United States.  I will define unreasonable force for you in a moment.

The third element of the offense requires the government to prove that the defendant acted under color of law.   A person acts under color of law when he is a federal, state or local government official acting in his official capacity or claiming to act in his official capacity.  Action under color of law includes the abuse or misuse of power possessed by the official by virtue of his position.

-17-

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

<u>DEFINITION OF THE CRIME</u>: Deprivation of Rights Under Color of Law
(18 U.S.C. § 242 – Count Two)

Count Two of the indictment charges all three Defendants with violations of 18 U.S.C. § 242. This law makes it a crime for anyone acting under color of law willfully to deprive someone of a right secured by the Constitution or laws of the United States.

For you to find the Defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to each Defendant:

(1)     First, that the Defendant deprived Mr. Kinstler, a person in the United States, of a right which is secured or protected by the Constitution or laws of the United States, namely the right to be free from the use of unreasonable force;

(2)     Second, that the Defendant acted under color of law;

(3)     Third, that the Defendant acted willfully; and

(4)     Fourth, that Mr. Kinstler suffered bodily injury as a result of the acts of the Defendant.

The first element of the offense requires the government to prove that the Defendant deprived Mr. Kinstler, a person in the United States, of a right which is secured or protected by the Constitution or laws of the United States, namely the right to be free from the use of unreasonable force.

The right to be free from the use of unreasonable force by a law enforcement officer is a right secured by the Constitution of the United States. The term unreasonable force means force that has no legitimate law enforcement purpose. A law enforcement officer is justified in using only that amount of force which is reasonably necessary to

accomplish a legitimate law enforcement purpose, such as effectuating an arrest, preventing escape, or defending himself or another from bodily harm. He may not, however, use more force than is reasonably necessary to accomplish these purposes.

In this case, you must determine whether the government has proved beyond a reasonable doubt that the force used against Mr. Kinstler was unreasonable. In making this determination, you must consider all of the circumstances from the point of view of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. You should not substitute your own notions of proper police procedures for the instantaneous decision of the law enforcement officers on the scene. Moreover, in making this determination you should consider the particular facts and circumstances of this case, including whether Mr. Kinstler posed an immediate danger to the safety of anyone, and whether Mr. Kinstler was actively resisting arrest or attempting to flee. A law enforcement officer may not use force solely to punish, retaliate or seek retribution against a person who has been arrested.

The second element of the offense requires the government to prove that the Defendant acted under color of law. A person acts under color of law when he is a federal, state or local government official acting in his official capacity or claiming to act in his official capacity. Action under color of law includes the abuse or misuse of power possessed by the official by virtue of his position.

The third element of the offense requires the government to prove that the defendant acted willfully. An act is done willfully if it is done voluntarily and

intentionally, and with the specific intent to do something the law forbids.  In this case, the government must prove that the Defendant specifically intended to use more force than is reasonable under the circumstances.   It is not necessary for the government to prove that the Defendant was thinking in constitutional terms at the time of his alleged acts, as a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.  Because reckless disregard of a person's constitutional rights is evidence of specific intent to deprive that person of those rights, you may find that the Defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved.  You must, however, find that the Defendant intended to do what the Constitution forbids.

The fourth element of the offense requires the government to prove that Mr. Kinstler suffered bodily injury as a result of the acts of the Defendant.  The term "bodily injury" means (a) a cut, abrasion, bruise, burn or disfigurement; (b) physical pain; (c) illness; (d) impairment of a function of a bodily member, organ, mental faculty; or (e) any other injury to the body, no matter how temporary.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements, then you must find the Defendant not guilty of this charge.

## PINKERTON LIABILITY (COUNT TWO)

Count Two of the indictment accuses the Defendants of deprivation of rights under color of law in violation of 18 U.S.C. § 242.

There are multiple ways that the government can prove the Defendants guilty of this crime. The first is by convincing you that they personally committed or participated in this crime. The second is based on the legal rule that all members of a conspiracy are responsible for acts committed by the other members, as long as those acts are committed to help advance the conspiracy, and are within the reasonably foreseeable scope of the agreement. The third way the government can prove the Defendants guilty of this crime is by aiding and abetting another in committing the crime.

In terms of conspirator liability (the second method of proof) the act of one conspirator may be treated as the act of all. This means that all the conspirators may be convicted of a crime committed by only one of them, even though they did not all personally participate in that crime themselves.

But for you to find any one of the Defendants guilty of Count Two based on this legal rule, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each Defendant:

(1)    First, that the Defendant was a member of the conspiracy charged in Count One of the indictment;

(2)    Second, that after he joined the conspiracy, and while he was still a member of it, one or more of the other members committed the crime charged in Count Two;

(3)    Third, that this crime was committed to help advance the conspiracy; and

(4)     Fourth, that this crime was within the reasonably foreseeable scope of the unlawful project.  The crime must have been one that the Defendant could have reasonably anticipated as a necessary or natural consequence of the agreement.

This does not require proof that each Defendant specifically agreed or knew that the crime would be committed.  But the government must prove that the crime was within the reasonable contemplation of the persons who participated in the conspiracy.  No Defendant is responsible for the acts of others that go beyond the fair scope of the agreement as the defendant understood it.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of them, then the legal rule that the act of one conspirator is the act of all would not apply.

## AIDING AND ABETTING (COUNT TWO)

For you to find the Defendants guilty of Count Two it is not necessary for you to find that the Defendant under consideration personally committed the crime or conspired to commit the crime.  As noted a few minutes earlier, you may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.

But for you to find a Defendant guilty of Count Two as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each Defendant:

(1) First, that the crime charged in Count Two was committed;

(2) Second, that the Defendant helped to commit the crime or encouraged someone else to commit the crime; and

(3) Third, that the Defendant intended to help commit or encourage the crime.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the Defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one

of these elements, then you cannot find the Defendant guilty of Count Two as an aider and abettor.

<u>DEFINITION OF THE CRIME: Destruction, Alteration or Falsification of Records in Federal Investigations (18 U.S.C. § 1519 – Counts Three, Four and Five)</u>

Count Three of the indictment charges Defendants Ronald Hatfield and Jason Mays with violation of 18 U.S.C. § 1519.  Count Fours and Five of the indictment charge Defendant Jeremy Hanshaw with violations of 18 U.S.C. § 1519.

This law makes it a crime to knowingly alter, destroy, conceal, cover up, falsify or make a false entry in any record, document or tangible object with the intent to impede, obstruct or influence the investigation or proper administration of any matter within the jurisdiction of any department or agency of the United States.

For you to find Defendants guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt as to each Defendant:

(1)    First, that the Defendant altered, destroyed, concealed, covered up, falsified or made a false entry in any record, document or tangible object;

(2)    Second, that the Defendant did so knowingly;

(3)    Third, that the Defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of any matter, or in contemplation thereof; and

(4)    Fourth, the investigation or matter was within the jurisdiction of any department or agency of the United States.

The first element of the offense requires the government to prove that the Defendant altered, destroyed, concealed, covered up or made a false entry in any record, document or tangible object.  The terms "altered," "concealed," "covered up," and

-26-

"falsified" should be given their ordinary meaning. The term "tangible object" means an object used to record or preserve information.

The second element of the offense requires the government to prove that the Defendant acted "knowingly". The term "knowingly" means voluntarily and intentionally, and not because of mistake or accident.

The third element of the offense requires the government to prove that the Defendant acted with the intent to impede, obstruct, or influence the investigation or proper administration of any matter, or in contemplation thereof. The government does not have to prove that an investigation was pending or imminent at the time the Defendant acted. The government is required to prove that the Defendant acted in contemplation of an investigation that might occur.

The fourth element of the offense requires the government to prove that the investigation was within the jurisdiction of any department or agency of the United States. I instruct you that the Federal Bureau of Investigation is a department or agency of the United States. In order to meet its burden, the government does not have to prove that the Defendants specifically knew that the matter or investigation they were impeding, obstructing, or influencing was within the jurisdiction of the FBI. The government is required to prove that the Defendant intended to obstruct the investigation of any matter that happens to be within the federal government's jurisdiction.

If you are convinced that the government has proved all of these elements of the crime charged in Count Three, say so by returning a guilty verdict on this charge. If you

have a reasonable doubt about any one of these elements of the crime charged in Count Three, then you must find the Defendant not guilty of this charge.

If you are convinced that the government has proved all of these elements of the crime charged in Count Four, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements of the crime charged in Count Four, then you must find the Defendant not guilty of this charge.

If you are convinced that the government has proved all of these elements of the crime charged in Count Five, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements of the crime charged in Count Five, then you must find the Defendant not guilty of this charge.

## AIDING AND ABETTING (COUNTS THREE, FOUR AND FIVE)

For you to find the Defendants guilty of Counts Three, Four and Five it is not necessary for you to find that the Defendant under consideration personally committed the crime or conspired to commit the crime.  As noted a few minutes earlier, you may also find him guilty if he intentionally helped or encouraged someone else to commit the crime.  A person who does this is called an aider and abettor.

But for you to find a Defendant guilty of Count Three, Four or Five as an aider and abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt as to each Defendant:

(1)     First, that the crime charged in Count Three, Four or Five was committed;

(2)     Second, that the Defendant helped to commit the crime or encouraged someone else to commit the crime; and

(3)     Third, that the Defendant intended to help commit or encourage the crime.

Proof that the Defendant may have known about the crime, even if he was there when it was committed, is not enough for you to find him guilty.  You can consider this in deciding whether the government has proved that he was an aider and abettor, but without more it is not enough.

What the government must prove is that the Defendant did something to help or encourage the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements of the crime charged in Count Three, say so by returning a guilty verdict on this charge.  If you

-29-

have a reasonable doubt about any one of these elements of the crime charged in Count Three, then you must find the Defendant not guilty of this charge.

If you are convinced that the government has proved all of these elements of the crime charged in Count Four, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements of the crime charged in Count Four, then you must find the Defendant not guilty of this charge.

If you are convinced that the government has proved all of these elements of the crime charged in Count Five, say so by returning a guilty verdict on this charge.  If you have a reasonable doubt about any one of these elements of the crime charged in Count Five, then you must find the Defendant not guilty of this charge.

## ON OR ABOUT

Next, I want to say a word about the date mentioned in the indictment.

The indictment charges that the crime happened "on or about" August 16 through at least August 17, 2014.  The government does not have to prove that the crime happened on that exact date. But the government must prove that the crime happened reasonably close to that date.

## INFERRING REQUIRED MENTAL STATE:

Next, I want to explain something about proving a defendant's state of mind.

Ordinarily, there is no way that a defendant's state of mind can be proved directly, because no one can read another person's mind and tell what that person is thinking.

But a defendant's state of mind can be proved indirectly from the surrounding circumstances.  This includes things like what the Defendant said, what the Defendant did, how the Defendant acted, and any other facts or circumstances in evidence that show what was in the defendant's mind.

You may also consider the natural and probable results of any acts that the Defendant knowingly did or did not do, and whether it is reasonable to conclude that the defendant intended those results.  This, of course, is all for you to decide.

<u>INTRODUCTION:</u>

That concludes the part of my instructions explaining the elements of the crime. Next I will explain some rules that you must use in considering some of the testimony and evidence.

<u>DEFENDANT'S ELECTION NOT TO TESTIFY OR PRESENT EVIDENCE</u>**:**

A defendant has an absolute right not to testify or present evidence. The fact that a defendant did not testify or present evidence cannot be considered by you in any way. Do not even discuss it in your deliberations.

Remember that it is up to the government to prove each Defendant guilty beyond a reasonable doubt. It is not up to the Defendant to prove that he is innocent.

<u>DEFENDANTS' TESTIMONY</u>

You have heard the Defendants testify.  Earlier, I talked to you about the "credibility" or the "believability" of the witnesses.  And I suggested some things for you to consider in evaluating each witness's testimony.

You should consider those same things in evaluating the Defendants' testimony.

## OPINION TESTIMONY

You have heard the testimony of James Scanlon and Kevin Davis, who testified as opinion witnesses.

You do not have to accept Davis' or Scanlon's opinion. In deciding how much weight to give each opinion, you should consider the witness's qualifications and how he reached his conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## STATEMENT BY DEFENDANT:

You have heard evidence that one or more of the Defendants made a statement in which the government claims he admitted certain facts.   It is for you to decide whether the Defendant made that statement, and if so, how much weight it deserves.  In making these decisions, you should consider all of the evidence about the statement, including the circumstances under which the Defendant allegedly made it.

You may not convict a Defendant solely upon his own uncorroborated statement or admission.

<u>INTRODUCTION</u>:

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to Mrs. Rogers. Mrs. Rogers will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

EXPERIMENTS, RESEARCH, AND OUTSIDE COMMUNICATION

Remember that you must make your decision based only on the evidence that you saw and heard here in court.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on

-39-

information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

<u>UNANIMOUS VERDICT</u>:

Your verdict, whether it is guilty or not guilty, must be unanimous.

To find each Defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves his guilt beyond a reasonable doubt.

To find him not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

<u>DUTY TO DELIBERATE</u>:

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room.  In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement.  Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say.  Try your best to work out your differences.  Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with.  In the end, your vote must be exactly that--your own vote.  It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say.  So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved each Defendant guilty beyond a reasonable doubt.

## PUNISHMENT:

If you decide that the government has proved the Defendants guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the Defendants guilty beyond a reasonable doubt.

<u>VERDICT FORM</u>**:**

I have prepared a verdict form that you should use to record your verdict.  The form reads as follows:

### <u>COUNT ONE (Conspiracy Against Rights, 18 U.S.C. § 241)</u>

1.      How do you find the defendant, Jeremy S. Hanshaw, as to Count One, guilty or not guilty?

Guilty_____                                Not Guilty_____


2.      How do you find the defendant, Ronald S. Hatfield, as to Count One, guilty or not guilty?

Guilty_____                                Not Guilty_____


3.      How do you find the defendant, Jason D. Mays, as to Count One, guilty or not guilty?

Guilty_____                                Not Guilty_____


### <u>COUNT TWO (Deprivation of Rights Under Color of Law, 18 U.S.C. § 242)</u>

4.      How do you find the defendant, Jeremy S. Hanshaw, as to Count Two, guilty or not guilty?

Guilty_____                                Not Guilty_____

5.     How do you find the defendant, Ronald S. Hatfield, as to Count Two, guilty or not guilty?

Guilty_____                              Not Guilty_____

6.   How do you find the defendant, Jason D. Mays, as to Count Two, guilty or not guilty?

Guilty_____                              Not Guilty_____

**COUNT THREE (Destruction, Alteration, or Falsification of Records in Federal Investigations, 18 U.S.C. § 1519)**

7.     How do you find the defendant, Ronald S. Hatfield, as to Count Three, guilty or not guilty?

Guilty_____                              Not Guilty_____

8.     How do you find the defendant, Jason D. Mays, as to Count Three, guilty or not guilty?

Guilty_____                              Not Guilty_____

**COUNT FOUR (Destruction, Alteration, or Falsification of Records in Federal Investigations, 18 U.S.C. § 1519)**

9.     How do you find the defendant, Jeremy S. Hanshaw, as to Count Four, guilty or not guilty?

Guilty_____                              Not Guilty_____

-45-

## COUNT FIVE (Destruction, Alteration, or Falsification of Records in Federal Investigations, 18 U.S.C. § 1519)

10.     How do you find the defendant, Jeremy S. Hanshaw, as to Count Five, guilty or not guilty?

Guilty_____                    Not Guilty_____

**The foregoing constitutes the unanimous verdict of the jury.**

_____                    _____
Date                                        Foreperson (Juror#____)

_____                    _____
(Juror #____)                               (Juror #____)

_____                    _____
(Juror #____)                               (Juror #____)

_____                    _____
(Juror #____)                               (Juror #____)

_____                    _____
(Juror #____)                               (Juror #____)

_____                    _____
(Juror #____)                               (Juror #____)

_____                    _____
(Juror #____)                               (Juror #____)

If you decide that the government has proved each charge against each Defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  If you decide that the government has not proved the charge against him

-46-

beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form.  Each of you should then sign the form, put the date on it, and return it to me.

<u>VERDICT LIMITED TO CHARGES AGAINST THE DEFENDANT:</u>

Remember that each Defendant is only on trial for the particular crimes charged in the indictment.  Your job is limited to deciding whether the government has proved the crimes charged as to each Defendant.

<u>COURT HAS NO OPINION</u>:

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved each Defendant guilty beyond a reasonable doubt.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | **Case No. 1:14-cr-120** |
| **Plaintiff,** | : | |
| | : | **Judge Timothy S. Black** |
| **v.** | : | |
| | : | |
| | : | |
| **JEREMY S. HANSHAW,** | : | **VERDICT FORM** |
| **RONALD S. HATFIELD, and** | : | |
| **JASON D. MAYS,** | : | |
| **Defendants.** | : | |

---

### COUNT ONE (Conspiracy Against Rights, 18 U.S.C. § 241)

11.     How do you find the defendant, Jeremy S. Hanshaw, as to Count One, guilty or not guilty?

Guilty_____                    Not Guilty_____


12.     How do you find the defendant, Ronald S. Hatfield, as to Count One, guilty or not guilty?

Guilty_____                    Not Guilty_____


13.     How do you find the defendant, Jason D. Mays, as to Count One, guilty or not guilty?

Guilty_____                    Not Guilty_____

## COUNT TWO (Deprivation of Rights Under Color of Law, 18 U.S.C. § 242)

14.     How do you find the defendant, Jeremy S. Hanshaw, as to Count Two, guilty or not guilty?

        Guilty_____                    Not Guilty_____


15.     How do you find the defendant, Ronald S. Hatfield, as to Count Two, guilty or not guilty?

        Guilty_____                    Not Guilty_____


16. How do you find the defendant, Jason D. Mays, as to Count Two, guilty or not guilty?

        Guilty_____                    Not Guilty_____


## COUNT THREE (Destruction, Alteration, or Falsification of Records in Federal Investigations, 18 U.S.C. § 1519)

17.     How do you find the defendant, Ronald S. Hatfield, as to Count Three, guilty or not guilty?

        Guilty_____                    Not Guilty_____


18.     How do you find the defendant, Jason D. Mays, as to Count Three, guilty or not guilty?

        Guilty_____                    Not Guilty_____

## COUNT FOUR (Destruction, Alteration, or Falsification of Records in Federal Investigations, 18 U.S.C. § 1519)

19.    How do you find the defendant, Jeremy S. Hanshaw, as to Count Four, guilty or not guilty?

Guilty_____               Not Guilty_____

## COUNT FIVE (Destruction, Alteration, or Falsification of Records in Federal Investigations, 18 U.S.C. § 1519)

20.    How do you find the defendant, Jeremy S. Hanshaw, as to Count Five, guilty or not guilty?

Guilty_____               Not Guilty_____

**The foregoing constitutes the unanimous verdict of the jury.**

_____             _____
Date                                Foreperson (Juror#____)

_____             _____
(Juror #____)                       (Juror #____)

_____             _____
(Juror #____)                       (Juror #____)

_____             _____
(Juror #____)                       (Juror #____)

_____             _____
(Juror #____)                       (Juror #____)

_____             _____
(Juror #____)                       (Juror #____)